## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:03-CR-182-2 |
| | § | |
| MARIA SANJUAN SALDIVAR | § | |

## ORDER DISMISSING CONSTRUED MOTION TO AMEND OR ALTER JUDGMENT AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Maria San Juan Saldivar's response to the government's opposition to her motion to vacate. D.E. 56. Because the Court previously denied Saldivar's motion to vacate, set aside or correct judgment (D.E. 54, 55), the Court construes Saldivar's response to be a Rule 59(e) motion to amend or alter judgment. The motion is denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Saldivar was sentenced to 100 months in the Bureau of Prisons in 2010 based upon her guilty plea to Conspiracy to Possess With Intent to Distribute More than 50 Kilograms of Marijuana. D.E. 50. D.E. 37. Saldivar did not appeal. She filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in 2013. D.E. 52. This Court denied the motion on the grounds that it was untimely and denied her a Certificate of Appealability. D.E. 53, 54. Saldivar's current motion was received by the Clerk on January 27, 2014. It is timely.

### II. MOVANT'S CLAIMS

Saldivar reurges her argument that her original motion was timely and that Alleyne v. United States, — U.S. ----, 133 S.Ct. 2151 (2013), should be applied retroactively.

## III.  ANALYSIS

### A.      Rule 59(e)

Saldivar's motion is construed to be one to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2013).

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

In some instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); Williams v. Thaler, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. Gonzalez, 524 U.S. at 532; United States v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013) ("where a Rule 60(b)

motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion.").

The general rule is that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," unless the new rules fall within an exception to the general rule. Teague v. Lane, 489 U.S. 288, 310 (1989). The two exceptions to the general rules of non-retroactivity are, "rules that render types of primary conduct 'beyond the power of the criminal law-making authority to proscribe' and 'watershed' rules that 'implicate the fundamental fairness of the trial.'" Danforth v. Minnesota, 552 U.S. 264, 275 (2008) (citing Teague, 489 U.S. at 311).

Alleyne decided whether Apprendi v. New Jersey, 530 U.S. 466 (2000), also applied to those facts that increase a statutory minimum sentence, as well as those that increase a statutory maximum sentence. 133 S.Ct. at 2155. Although Saldivar urges this Court to apply the decisions retroactively on collateral review, the Supreme Court is the only Court that can make a new rule retroactive. Tyler v. Cain, 533 U.S. 656, 664 (2001). The Supreme Court has not done so, either by the explicit language of Alleyne, or by subsequent cases. Saldivar's disagreement with this Court's interpretation of the law constitutes a substantive attack on the prior judgment and thus constitutes a second or successive claim.

**B.      Second or Successive § 2255 Motion**

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Saldivar's motion does not indicate that she has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claim that could have been brought in her first § 2255 motion.

Saldivar's construed motion to alter or amend the judgment (D.E. 56) is DISMISSED as second or successive. United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Saldivar has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Saldivar cannot establish at least one of the Slack criteria. Accordingly, she is not entitled to a COA as to her claims.

## V.  CONCLUSION

For the foregoing reasons, Saldivar's motion (D.E. 56 is DISMISSED as second or successive, additionally, she is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 31st day of January, 2014.

Janis Graham Jack
Senior United States District Judge